```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

IN RE:

LYONDELL CHEMICAL COMPANY,
et al.,

                Debtors.

----------------------------------X

MILLENNIUM HOLDINGS LLC,

                Appellant,           MEMORANDUM OPINION

        -against-                    11 Civ. 163 (MGC)

AKZO NOBEL PAINTS, LLC,

                Appellee.

----------------------------------X

APPEARANCES:

        WEIL, GOTSHAL & MANGES LLP
        Attorneys for Appellant
        767 Fifth Avenue
        New York, New York 10153

        By:  Irwin H. Warren, Esq.
             Richard L. Levine, Esq.
             Theodore E. Tsekerides, Esq.

        CADWALADER, WICKERSHAM & TAFT LLP
        Attorneys for Appellant
        One World Financial Center
        New York, New York 10281

        By:  George A. Davis, Esq.
             Andrew M. Troop, Esq.
             Christopher R. Mirick, Esq.
             Peter Friedman, Esq.
```

```
          PIERCE ATWOOD LLP
          Attorneys for Appellant
          One Monument Square
          Portland, Maine 04101

          By:  William J. Kayatta, Jr., Esq.
               Catherine R. Connors, Esq.

          DEBEVOISE & PLIMPTON LLP
          Attorneys for Appellee
          919 Third Avenue
          New York, New York 10022

          By:  Michael E. Wiles, Esq.
               Derek P. Alexander, Esq.
```

**Cedarbaum, J.**

Millennium Holdings LLC, a debtor affiliated with Lyondell Chemical Company, appeals from an order of the United States Bankruptcy Court, Robert E. Gerber, <u>B.J.</u>, granting the motion of Azko Nobel Paints, LLC ("ANP") for an order compelling Millennium to assume or reject the Amended Purchase Agreement to which Millennium and ANP are parties.  The Amended Purchase Agreement was created in a Settlement Agreement, which was executed in 2000 to resolve disputes which had arisen under the original 1986 Purchase Agreement.  The Amended Purchase Agreement contains indemnification rights and obligations related to certain matters, including lead product liability and environmental liability.

  The Bankruptcy Court, in granting ANP's motion, held that the indemnities in the Amended Purchase Agreement are not severable and that the Amended Purchase Agreement must therefore be assumed or rejected in its entirety.  It also held that the Amended Purchase Agreement is an executory contract.  In this appeal, Millennium argues that the lead product indemnification and the environmental indemnification are severable and that the Amended Purchase Agreement is not an executory contract.

  After hearing extensive oral argument and carefully examining the briefs of both sides, I affirm the decision of Bankruptcy Judge Gerber on his thorough Findings of Fact and Conclusions of Law.

  SO ORDERED.

Dated: New York, New York  
    February 18, 2011

                S/_____  
                 MIRIAM GOLDMAN CEDARBAUM  
                United States District Judge

                   CLOSE CASE